FILED
Nov 22, 2019
01:52 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| RONNIE CRAIG, | ) | Docket No. 2017-08-0862 |
| Employee, | ) | |
| | ) | State File No. 25414-2017 |
| | ) | |
| v. | ) | Judge Allen Phillips |
| MEMPHIS LIGHT, GAS & WATER, | ) | |
| Self-Insured Employer. | ) | |

---

## COMPENSATION HEARING ORDER

---

This case came before the Court for a Compensation Hearing on November 4, 2019. The issue is whether Mr. Craig proved by a preponderance of the evidence that his injury arose primarily out of his employment. For the reasons below, the Court holds he did not and dismisses the case.

### History of Claim

Mr. Craig claimed he injured his back in a fall on March 29, 2017. MLG&W did not dispute the incident and provided him a panel of physicians. When he saw the initial provider, Mr. Craig reported only the work injury and no other back problems. The provider recommended an orthopedic evaluation, and MLG&W provided a panel of orthopedic surgeons. Mr. Craig chose Dr. Gregory Wolf.

At his first visit with Dr. Wolf, Mr. Craig reported the work injury but denied "previous difficulties." Dr. Wolf also noted a "23-point system review" mentioned only that Mr. Craig gave a history of hypertension. Based on the history, Dr. Wolf believed the "mechanism of [the work incident] matched the reported complaints" and said Mr. Craig's condition was "100% work related." He also restricted Mr. Craig from work.

Later, while investigating the claim, MLG&W obtained records from Dr. Phillip Northcross, Mr. Craig's primary care physician. Those records indicated Mr. Craig saw Dr. Northcross for back pain on several occasions, beginning in 2016 and continuing

1

until March 28, 2017, the day before the work incident. MLG&W presented these records to Dr. Wolf and also told him that Mr. Craig denied any previous back problems when he gave his recorded statement. After learning that information, Dr. Wolf changed his opinion that Mr. Craig's condition was 100% work-related, instead stating that Ms. Craig's condition was "60% pre-existing and 40% work-related." Based on Dr. Wolf's revised opinion, MLG&W terminated Mr. Craig's benefits.

After the termination of benefits, Mr. Craig deposed Dr. Northcross on August 20, 2018. Dr. Northcross testified that Mr. Craig complained of "episodic" back pain in 2016, leading to diagnoses of a lumbar strain. However, on March 23, 2017, Dr. Northcross said he changed his diagnosis to "acute lumbar back pain with radiculopathy." He continued that diagnosis the next week, on March 28, the day before the incident at MLG&W. As to the cause of Mr. Craig's injury, Dr. Northcross testified that the symptoms were "commiserate [sic] with" the work incident. However, to the extent that the radiculopathy resulted from a herniated disc, Dr. Northcross said it was only "a possibility" that the herniation existed *before* the incident, adding that it was "just difficult to say" that it did. There was no record of Dr. Northcross restricting Mr. Craig from work.

On August 27, 2018, the Court conducted an Expedited Hearing. There, Mr. Craig downplayed his previous back problems, claiming they caused only minor back pain, unlike the pain he had after the incident. He asserted that he denied previous back difficulties when Dr. Wolf asked because he thought difficulties meant "injuries" and he had not suffered any. He further contended that he missed no work before the incident but was unable to work after it. Finally, he argued that Dr. Wolf "would have to admit," if he were deposed, that the symptoms he now suffers resulted from the work incident.

For its part, MLG&W questioned Mr. Craig's credibility. Specifically, it argued his purported belief that questions about previous "difficulties" meaning only "injuries" was disingenuous. Further, it was only because of that inaccurate history that Dr. Wolf said Mr. Craig's condition was "100%" to his work. Thus, MLG&W argued Dr. Wolf's latter opinion was more accurate and was presumed correct because Mr. Craig chose Dr. Wolf from a panel. *See* Tenn. Code Ann. 50-6-102(14)(E) (2019).

After the Expedited Hearing, the Court held Mr. Craig did not offer sufficient evidence that he would prevail at a hearing on the merits and denied his request for benefits. Specifically, the Court found Dr. Wolf's second causation opinion was correct because it was based on an accurate history. Further, Dr. Northcross offered no more than a possibility of when Mr. Craig's anatomic condition occurred.

After the Expedited Hearing, Mr. Craig deposed Dr. Wolf regarding his revised causation opinion. Dr. Wolf provided the following pertinent testimony:

2

- "[I]t appears Mr. Craig was pretty miserable with . . . symptoms the week prior to his injury . . . So in light of that, I think it's reasonable to say that this problem preexisted his injury."
- "I see your point in terms of me having taken him off of work and [Dr. Northcross] not having taken him off work. . . but it's just hard to ignore the fact that . . . he was literally being seen for this the day before and the week before for this same problem. . . And that's kind of where I came up with my 60/40 number. . . So I do think the fall contributed to this, but he obviously was having this pain [before]. . . So I'm just kind of sticking with my 60/40 determination."
- "I do feel the fall made his symptoms worse. But I also feel that, you know, he was having the symptoms prior to his injury."
- "[M]y opinion at the time and it still is the opinion that it's more of a 60/40 thing . . . and the pain radiating down his leg preexisted his injury, which to me indicates that he had these disc issues prior to his injury."

At the Compensation Hearing, Mr. Craig offered the deposition of Dr. Wolf, and the parties agreed to readmission of Dr. Northcross's deposition. As at the Expedited Hearing, Mr. Craig testified the work incident worsened his condition, and he again attributed his disability and need for medical treatment to it. MLG&W relied on Dr. Wolf's opinion.

## Findings of Fact and Conclusions of Law

### *Standard applied*

Mr. Craig has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing, he must establish those elements by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

### *Analysis*

The essential element at issue is causation. To prevail on that issue, Mr. Craig must establish his injury, or any aggravation of a pre-existing condition, arose primarily out of his employment. Tenn. Code Ann. § 50-6-102(14). To do so, he must show his employment "contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). He must show that contribution "to a reasonable degree of medical certainty," which means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility."" Tenn. Code Ann. § 50-6-102(14)(C) (D).

3

Dr. Wolf testified that the incident at MLG&W contributed only 40% in causing Mr. Craig's injury. Despite repeated questioning by Mr. Craig, he did not recant that opinion. Therefore, Mr. Craig cannot rely upon Dr. Wolf's opinion to establish causation. Further, Dr. Northcross offered no more than a possibility as to when the anatomic condition occurred. Therefore, the Court holds Mr. Craig did not establish by a preponderance of the evidence that his injury arose primarily out of his employment and dismisses the case.

**IT IS, THEREFORE, ORDERED** as follows:

1. This case is dismissed with prejudice to its refiling.

2. The Court assesses the $150.00 filing fee to MLGW to be paid to the Court Clerk within five business days of this order becoming final under Tennessee Compilation Rules and Regulations 0800-02-21-.06, for which execution may issue if necessary.

3. Absent an appeal, this order shall become final thirty days after issuance.

4. MLGW shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.

**ENTERED November 22, 2019.**

_____
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Deposition of Dr. Gregory Wolf
2. Deposition of Dr. Philip Northcross
3. Wage Statement
4. Choice of Physician Form (Baptist Minor Medical)
5. Choice of Physician Form (Dr. Wolf)
6. CD of Mr. Craig's recorded statement

4

Technical record:

1.  Post-Discovery Dispute Certification Notice
2.  Scheduling Order
3.  Employer's Exhibit List
4.  Employer's Witness List
5.  Employer's Pre-Hearing Statement
6.  Order of Continuance and Setting Status Hearing
7.  Order Resetting Compensation Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Hearing Order was sent as indicated on November 22, 2019.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|------|------|------|------|
| Christopher L. Taylor, Attorney for Employee | | | X | ctaylor@taylortoon.com |
| Sean Antone Hunt and Salwa Adnan Bahhur, Attorneys for Employer | | | X | sean@thehuntfirm.com salwa@thehuntfirm.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$_____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $_____ | per month | beginning | _____ |
| SSI | $_____ | per month | beginning | _____ |
| Retirement | $_____ | per month | beginning | _____ |
| Disability | $_____ | per month | beginning | _____ |
| Unemployment | $_____ | per month | beginning | _____ |
| Worker's Comp. | $_____ | per month | beginning | _____ |
| Other | $_____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

Groceries         $ _____ per month          Telephone       $ _____ per month

Electricity       $ _____ per month          School Supplies $ _____ per month

Water             $ _____ per month          Clothing        $ _____ per month

Gas               $ _____ per month          Child Care      $ _____ per month

Transportation    $ _____ per month          Child Support   $ _____ per month

Car               $ _____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____


**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____

NOTARY PUBLIC

My Commission Expires:_____



**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#:_____ DOI:_____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee


Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**


## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____ day of_____ , 20___ .


[Signature of appellant or attorney for appellant]     _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf